**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRAYAN PULIDO PINEDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 3:26-1697 |
| | ) | Judge Nora Barry Fischer |
| WARDEN, MOSHANNON VALLEY | ) | |
| PROCESSING CENTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER OF COURT**

AND NOW, this 4th day of November, 2026, upon consideration of the § 2241 habeas petition filed by Petitioner Brayan Pulido Pineda arguing that he is wrongfully subject to mandatory detention under 8 U.S.C. § 1225(b) and requesting a bond hearing and release pursuant to 8 U.S.C. § 1226(a), (Docket No. 1), the Response and Supplemental Response filed by Respondents, (Docket Nos. 11, 13), indicating that Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a) on September 17, 2026, at which time he was deemed a danger to the community and ordered detained pending his immigration proceedings, and asserting that his Petition should be denied, as moot, Petitioner having declined to file a Reply Brief by the established deadline of October 13, 2026 and he has therefore not contested the Respondents' position that this matter is moot, (Docket No. 12), and it further appearing from the EOIR automated case information website that Petitioner had an individual hearing and was ordered removed by an IJ on October 6, 2026 and any appeal of the order of removal is due by November 5, 2026,

IT IS HEREBY ORDERED that the Petition challenging Petitioner's detention under § 1225(b) and requesting a bond hearing under 1226(a) [1] is DISMISSED, as moot. *See e.g., Mondely v. Oddo,* Civ. A. No. 3:26-cv-1411, Docket No. 32 (W.D. Pa. Oct. 26, 2026) (Fischer, J.)

("Petitioner is now subject to a final order of removal and detention under § 1231(a) such that any challenge to his pre-removal order detention is […] moot"); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (noting that while the appeal was pending, the order of removal became final and the petitioner's detention switched from § 1226 to § 1231 and that "insofar as [petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction."). An appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record